# EXHIBIT A



STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

September 08, 2008

Symetra Life Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN  37929-9710
NAIC # 68608

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 1830 0000 6979 3425
Cashier # 5025

Re: Robert D. Armstrong & John D. Armstrong   V.   Symetra Life Insurance Company

   Docket # 12357

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on September 04, 2008 by Robert D. Armstrong & John D. Armstrong pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of  Robertson County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Robertson County
    501 Main Street, Rm 201
    Springfield, Tn  37172

Service of Process 615.532.5260



UNITED STATES POSTAGE
$06.750
02.1A
0004615996
MAILED FROM ZIP CODE 37243
SEP 05 2008

FIRST CLASS

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7008 1830 0000 6979 3425

SYMETRA LIFE INSURANCE COMPANY
9/8/08
800 S. GAY STREET, STE 2021, % C T CORP
KNOXVILLE, TN 37929-9710

7008 1830 0000 6979 3425

# **CT** CORPORATION
A WoltersKluwer Company

**TO:** Sheridan Hollender, Associate General Counsel
Symetra Life Insurance Company
Attn: Sheridan Hollender SC -11, 777 108th St. NE Suite 1200
Bellevue, WA 98004-5135

**RE:** **Process Served in Tennessee**

**FOR:** Symetra Life Insurance Company (Domestic State: WA)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert D. Armstrong and John D. Armstrong, Pltfs. vs. Symetra Life Insurance Co., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return Form, Complaint, Oaths, Exhibits |
| **COURT/AGENCY:** | Robertson County Circuit Court, TN<br>Case # 12357 |
| **NATURE OF ACTION:** | Insurance Litigation - Pltf did not receive either the monthly or lump sum payments in violation of the Annuity Contract |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/11/2008 postmarked on 09/09/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | Edward D. Farmer<br>115 Fifth Avenue West<br>2nd Floor<br>Springfield, TN 37172<br>615-382-4468 |
| **REMARKS:** | Process served/received by the Insurance Commissioner on 09/04/08, and mailed to CT Corporation System on 09/11/08. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790574708194<br>Email Notification, Sheridan Hollender sheridan.hollender@symetra.com<br>Email Notification, Mary Higgins mary.higgins@symetra.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 865-342-3522 |

Page 1 of 1 / BC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# STATE OF TENNESSEE
# Circuit Court of Robertson County
## 19TH JUDICIAL DISTRICT
# SUMMONS

☒ First
☐ Alias
☐ Pluries

CIVIL ACTION
DOCKET NO. *12357*

ROBERT D. ARMSTRONG (formerly known as Robert D. Swann) and JOHN D. ARMSTRONG (formerly known as John D. Swann)

Plaintiff

VS.

SYMETRA LIFE INSURANCE CO. (formerly known as Safeco Life Insurance Co.), AETNA CASUALTY & SURETY CO., ST. PAUL TRAVELERS CASUALTY & SURETY CO., STRUCTURED BENEFITS OF FLORIDA, and PACIFIC LIFE INSURANCE CO.

SERVE:  SYMETRA LIFE INSURANCE CO.
Commissioner of Commerce & Insurance
TN Dept. of Commerce & Insurance

Defendant

METHOD OF SERVICE:
☐ Robertson Co. Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Commissioner of Insurance
☐ Certified Mail
☐ Personal Service

To the above named Defendant: 500 James Robertson Parkway - 5th Floor
Nashville, TN 37243

You are summoned to appear and defend a civil action filed against you in Circuit Court, Courthouse, Springfield, TN 37172, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: *8-29*, 20 *08*

LISA M. CAVENDER
Circuit Court Clerk, Robertson County, Tennessee

By *Sonya England, DC*
Deputy Clerk

IF YOU ARE DISABLED
AND REQUIRE ASSISTANCE
PLEASE CALL
615-384-7864

ATTORNEY FOR PLAINTIFF
or
PLAINTIFF'S ADDRESS

EDWARD T. FARMER/FLETCHER W. LONG

115 Fifth Ave. W. - 2nd Floor, Springfield, TN 37172

Address  (615) 382-4468

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____
_____ in the following manner:
_____

☐ failed to serve this summons within 30 days after its issuance because _____
_____

Deputy Sheriff/Process Server

6426-1106-222  WHITE HOUSE PRINTING

## IN THE CIRCUIT COURT FOR ROBERTSON COUNTY, TENNESSEE
## AT SPRINGFIELD

ROBERT D. ARMSTRONG *[formerly known as Robert D. Swann]*, and
JOHN D. ARMSTRONG *[formerly known as John D. Swann]*

    Plaintiffs,

vs.

SYMETRA LIFE INSURANCE CO.,
*Formerly known as Safeco Life Insurance Company,*
AETNA CASUALTY & SURETY CO.,
ST. PAUL TRAVELERS CASUALTY &
SURETY CO.,
STRUCTURED BENEFITS OF FLORIDA, and
PACIFIC LIFE INSURANCE CO.

    Defendants.

)  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )

FILED
LISA M. CAVENDER, CLERK

AUG 2 9 2008

AT 3:30 O'CLOCK P. M
BY S. England, DC

Docket No.

JURY DEMAND.

---

# C O M P L A I N T

---

    Comes now the Plaintiffs in this cause, Robert D. Armstrong and John D. Armstrong, by and through the undersigned attorney, and sues the above-named defendants, **Symetra Life Insurance Company** formerly known as Safeco Life Insurance Company, **Aetna Casualty & Surety Company, St. Paul Travelers Casualty & Surety Company, Structured Benefits of Florida, Inc.** and **Pacific Life Insurance Company** in a cause of action sounding in tort for misappropriation of trust fund monies and breach of contract. Plaintiffs would show the following:

    1. Plaintiffs, Robert D. Armstrong and John D. Armstrong, are residents of Springfield, Robertson County, Tennessee, residing at 5703 Ozanne Road, 37172.

2. Defendant, Symetra Life Insurance Company, formerly known as Safeco Life Insurance Company, is authorized to do business in the State of Tennessee with its principal place of business being located in Seattle, Washington, and may be served with process upon its lawful agent for service of process with summons issued as follows: Commissioner, Tennessee Dept. of Commerce and Insurance, 500 James Robertson Parkway, Fifth Floor, Nashville, Tennessee, 37243.

3. Defendant, Aetna Casualty & Surety Company, is authorized to do business in the State of Tennessee with its principal place of business being located in Hartford, Connecticut and may be served with process upon its lawful agent for service of process with summons issued as follows: Commissioner, Tennessee Dept. of Commerce and Insurance, 500 James Robertson Parkway, Fifth Floor, Nashville, Tennessee, 37243.

4. Defendant, St. Paul Travelers Casualty & Surety Company, is authorized to do business in the State of Tennessee with its principal place of business being located in Hartford, Connecticut and may be served with process upon its lawful agent for service of process with summons issued as follows: Commissioner, Tennessee Dept. of Commerce and Insurance, 500 James Robertson Parkway, Fifth Floor, Nashville, Tennessee, 37243.

5. Defendant, Structured Benefits of Florida, Inc. is authorized to do business in the State of Tennessee with its principal place of business being located at Tampa, Florida, and may be served with process upon its lawful agent for service of process with summons issued to the Secretary of State pursuant to **TENN. CODE ANN. § 20-2-207 and 20-2-205,** the Long Arm Statute, to P.O. Box 30109, Tampa, Florida, 33630.

6. Defendant, Pacific Life Insurance Company, is authorized to do business in the State of Tennessee with its principal place of business being located in Hartford, Connecticut and may be served with process upon its lawful agent for service of process with summons issued as follows: Commissioner, Tennessee Dept. of Commerce and Insurance, 500 James Robertson Parkway, Fifth Floor, Nashville, Tennessee, 37243.

7. Plaintiffs aver that this Court has jurisdiction to hear breach of contract actions. The events comprising the subject matter of this suit occurred in and around Robertson County, Tennessee. Therefore, this is the proper venue.

8. The Plaintiffs' mother's name was Jamie Lee Armstrong Swann. She had an incident in a restaurant where she choked and as a result of such she was in a coma and later passed away. A

compromise and settlement was reached as to her two minor children, the Plaintiffs. Periodic and lump sum payments were to be made to Jean N. Armstrong, the Plaintiffs' grandmother, on behalf of the Plaintiff's detail of which is below set forth in greater detail.

9. Plaintiffs aver the Defendants are annuity companies who were paying the settlement which was entered by Order on August 15, 1990 by the Honorable Alex Darnell from the case styled JAMIE LEE ARMSTRONG SWANN, by and through her Conservator, JAMES ARMSTRONG; and ROBERT D. SWANN and JOHN D. SWANN, minors, by and through their legal Guardian, JEAN N. ARMSTONG *(See attached Exhibit A),* following the death of the Plaintiffs mother.

10. Plaintiffs aver under this Order, periodic payments were to be made to Jean N. Armstrong as legal guardian for the Plaintiff, Robert D. Swann (Armstrong), beginning September 1, 1990 in the amount of $350.00 for eight (8) years, then for another four (4) years the sum of $900 with guaranteed lump sum to be paid on September 1, 1998 in the amount of $15,000.00 and a $20,000.00 payment payable on September 1, 2002. The payments which were to be paid in 1998 and 2002 would have been after Plaintiff, Robert D. Swann (Armstrong) had become an adult. Plaintiff, Robert D. Swann (Armstrong), never knew he was to receive these payments, none of the payments periodic or otherwise were ever made to Jean N. Armstrong as legal guardian of Robert D. Swann (Armstrong). Mr. Robert D. Swann (Armstrong) learned that he should have received these monies in February, 2008. He wrote Bob and Beverly Armstrong about these monies *(See attached Exhibit D)* and they wrote back *(See attached Exhibit E)* stating that there was no money for him to receive, thereby concealing its existence.

11. Plaintiffs aver under this Order, periodic payments were to be made to Jean N. Armstrong as legal guardian for the Plaintiff, John D. Swann (Armstrong), beginning September 1, 1990 in the amount of $350.00 for twelve (12) years, then for another four (4) years the sum of $900 with guaranteed lump sum payments of $15,000.00 on September 1, 2002 and $25,000.00 on September 1, 2006. The payments which were to be paid in 2002 and 2006 would have been after Plaintiff, John D. Swann (Armstrong) had become an adult. Plaintiff, John D. Swann (Armstrong), never knew he was to receive these payments, none of the payments periodic or otherwise were ever made to Jean N. Armstrong as legal guardian of John D. Swann (Armstrong).

12. Plaintiff, Robert D. Swann (Armstrong) avers that the payments payable to him were to be paid under an annuity contract administered by Safeco Life Insurance Company which changed

names to Symetra Life Insurance Company. Pursuant to the contract the checks were to be paid to Jean N. Armstrong as legal guardian for Robert D. Swann (Armstrong). Further, he avers he did not receive either the monthly or lump sum payments in violation of the Annuity Contract. *[See attached Exhibit B]*.

13. Plaintiff, John D. Swann Armstrong avers he was to receive 144 monthly payments of $350.00 beginning September 1, 1990; 48 monthly payments of $900.00 beginning September 1, 2002; a $15,000.00 payment, lump sum, on September 1, 2002 and $25,000.00 payment, lump sum, on September 1, 2006. The owner of the annuity was Defendant St. Paul Travelers and Pacific Life Insurance Company was to service the contract under Contract 26492-01300 AN. It is alleged that July 12, 2004 Pacific Life received a directive to make deposits under the contract to Farmer's Bank under Account Number 130-210-8. This document is purported to be signed by Plaintiff John D. Swann Armstrong. Mr. Armstrong declares the same to be a forgery. Plaintiff John D Swann Armstrong didn't receive either the monthly or lump sum payments in violation of the Annuity Contract *[See attached Exhibit C]*.

**WHEREFORE, PREMISES CONSIDERED, YOUR PLAINTIFFS** sue the Defendants and requests that this Honorable Court grant a judgment as follows:

I.      That proper process issue and be served upon the Defendants requiring them to answer the Complaint within the time prescribed by law.

II.     Those Plaintiffs be awarded a judgment against the Defendants in an amount to be proven at trial not to exceed $500,000.00 together with pre and post judgment interest at the applicable statutory rate.

III.    That a jury of twelve (12) be impaneled to try this cause.

IV.     That the costs of this cause, including discretionary costs, be taxed against the Defendants for which execution shall issue if necessary.

V.      That the Plaintiffs be awarded their attorney's fees as specified within the applicable contracts under which suit has been filed.

STATE OF TENNESSEE      )
                             )
COUNTY OF ROBERTSON     )

## O A T H

I, **ROBERT D. ARMSTRONG,** being first duly sworn, make oath that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
ROBERT D. ARMSTRONG

Personally appeared before me, the undersigned Notary Public, one Mr. Robert D. Armstrong, who upon first being duly sworn, made oath that the statements contained in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.

THIS the 29th day of August, 2008.



_____
NOTARY PUBLIC AT LARGE

My Commission Expires: 3/10/2012

STATE OF TENNESSEE )
                   )
COUNTY OF ROBERTSON )

### O A T H

I, **JOHN D. ARMSTRONG,** being first duly sworn, make oath that the statements

contained in the foregoing Complaint are true and correct to the best of my knowledge, information

and belief.

JOHN D. ARMSTRONG

Personally appeared before me, the undersigned Notary Public, one Mr. John D. Armstrong,

who upon first being duly sworn, made oath that the statements contained in the foregoing

Complaint are true and correct to the best of his knowledge, information and belief.

THIS the 29th day of August, 2008.

NOTARY PUBLIC AT LARGE

My Commission Expires:   3/10/2012

LISA PARNELL
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

COPY

IN THE CHANCERY COURT FOR ROBERTSON COUNTY, TENNESSEE

JAMIE LEE ARMSTRONG SWANN,
by and through her
Conservator, JAMES ARMSTRONG;
and ROBERT D. SWANN and JOHN
D. SWANN, minors, by and
through their legal Guardian,
JEAN N. ARMSTRONG,

    Petitioners,

v.

PICASSO'S, INC., AMERICAN
MULTI CINEMA, INC. and
SUBWAY SANDWICH SHOPPE,

    Defendants.

Ex. A.

**FILED**

1st Day of August 1990

AT ____:____ M

Kenneth Hudgens
CLERK & MASTER

No. _____

## ORDER

This cause came on to be heard on the 1st day of August, 1990, before the Honorable Alex Darnell, Chancellor, for approval of a joint petition to compromise and settle claims on behalf of Jamie Lee Armstrong Swann and her minor children, Robert D. Swann and John D. Swann.

Due to the contested liability in this matter and upon the examination of witnesses in open Court, statements of counsel, and the entire record as a whole, the Court is of the opinion and specifically finds that the compromise settlement of these claims as described in the joint petition is in the best of interest of the minor children and all of the parties involved and that the petition should, therefore, be approved and an Order of approval entered on the minutes of the Court, thereby confirming the compromise as to all claims and/or potential claims of property damage and personal injuries, past, present or future, known or unknown, of the petitioners, James Lee Armstrong Swann, Robert D. Swann and John D. Swann, the terms of said compromise settlement being as follows:

(1) Periodic payments will be made to Jean N. Armstrong as legal guardian for Robert D. Swann, beginning on September 1, 1990, in the amount of $350.00 on a monthly basis for eight (8) years; then for the following four (4) years at the monthly amount of $900.00 with guaranteed lump sum payments of

$15,000.00 on September 1, 1998, and $20,000.00 on September 1, 2002.

(2) Periodic payments will be made to Jean N. Armstrong as legal guardian for John D. Swann, beginning on September 1, 1990, in the amount of $350.00 on a monthly basis for twelve (12) years; then for the following four (4) years in the monthly amount of $900.00 with guaranteed lump sum payments of $15,000.00 on September 1, 2002, and $25,000.00 on September 1, 2006.

(3) A cash payment in the amount of $65,000.00 made payable to James Armstrong, as Conservator for Jamie Lee Armstrong Swann, and Jean N. Armstrong, as legal guardian for Robert D. Swann and John D. Swann, will be made at the time all settlement agreements and releases of all claims are executed by the parties.

It further appears to the Court from the testimony and evidence presented in this matter that Jamie Lee Armstrong Swann is the natural mother of the minor children, Robert D. Swann and John D. Swann, and the Court so finds.

It further appears to the Court from the testimony and evidence presented in this matter that James Armstrong has lawfully been appointed as the Conservator for Jamie Lee Armstrong Swann and that Jean N. Armstrong has lawfully been appointed as the legal guardian for the minor children, Robert D. Swann and John D. Swann and that as such, the Conservator and legal Guardian are authorized to compromise and settle any and all claims and/or potential claims on behalf of the petitioners, including the execution of settlement documents and releases.

It is, therefore, ORDERED, ADJUDGED and DECREED by this Court that the joint petition for compromise and settlement shall be, and the same is hereby, approved in all respects.

It is further ORDERED, ADJUDGED and DECREED that any and all claims and/or potential claims of the petitioners, Jamie Lee Armstrong Swann, Robert D. Swann and John D. Swann against the defendants, arising out of the accident on July 12, 1989,

2

shall be, and are hereby, compromised and settled, finally and for all time, under the following terms and conditions:

(1) Periodic payments will be made to Jean N. Armstrong as legal guardian for Robert D. Swann, beginning on September 1, 1990, in the amount of $350.00 on a monthly basis for eight (8) years; then for the following five (5) years at the monthly amount of $900.00 with guaranteed lump sum payments of $15,000.00 on September 1, 1998, and $20,000.00 on September 1, 2002.

(2) Periodic payments will be made to Jean N. Armstrong as legal guardian for John D. Swann, beginning on September 1, 1990, in the amount of $350.00 on a monthly basis for twelve (12) years; then for the following four (4) years in the monthly amount of $900.00 with guaranteed lump sum payments of $15,000.00 on September 1, 2002, and $25,000.00 on September 1, 2006.

(3) A cash payment in the amount of $65,000.00 made payable to James Armstrong, as Conservator for Jamie Lee Armstrong Swann, and Jean N. Armstrong, as legal guardian for Robert D. Swann and John D. Swann, will be made at the time all settlement agreements and releases of all claims are executed by the parties.

It is further ORDERED, ADJUDGED and DECREED that James Armstrong, as Conservator for Jamie Lee Armstrong Swann, and Jean N. Armstrong, as legal Guardian for the minor children, Robert D. Swann and John D. Swann, are lawfully empowered and authorized to compromise and settle any and all claims and/or potential claims on behalf of the petitioners, including the execution of settlement documents and releases.

It is further ORDERED, ADJUDGED and DECREED that upon payment of the above-mentioned sums to the Conservator and legal Guardian, said payments shall constitute a full and final settlement, release, and discharge of any and all claims and/or potential claims for injuries and damages, past, present or future, of whatever type, character or kind, known or unknown, on

3

the part of petitioners against the defendants, Picasso's, Inc., American Multi Cinema, Inc. and Subway Sandwich Shoppe, resulting, or arising out of or connected with the accident which occurred on or about July 12, 1989, in Bowling Green, Warren County, Kentucky, as further described in the joint petition filed in this cause.

It is further ORDERED, ADJUDGED and DECREED that the Petitioners' counsel, Samuel L. Swann shall receive an attorney's fee in the amount of $62,053.33, to be paid by Petitioners from the cash payment of $65,000.00 referred to herein.  Picasso's, Inc., American Multi Cinema, Inc. and Subway Sandwich Shoppe shall not be responsible in anyway for the payment of any attorney's fees.

It is further ORDERED, ADJUDGED and DECREED that the defendants will pay the costs of this cause, for which execution may issue, if necessary.

ENTERED this _15th_ day of _August_, 1990.

_____
Honorable Alex Darnell, Chancellor


APPROVED FOR ENTRY:

NEAL & HARWELL

By: _____
Albert F. Moore, #6709

2000 One Nashville Place
150 Fourth Avenue North
Nashville, TN  37219-2417
(615) 244-1713

Counsel for Subway Sandwich Shoppe,
American Multi Cinema, Inc. and
Picasso's, Inc.

4

Annuitant
Contract Number
Contract Date

**SAFECO**

## Annuity Contract

- SAFECO Life Insurance Company will pay an annuity in the amount and on the due dates specified in the Schedule of Benefits.

- This contract has been issued in consideration of the application and payment of the premium.

- Signed for SAFECO Life Insurance Company, a stock company at its Home Office on the contract date.

R.E. Zunker, President

Bob A. Dickey, Secretary

### IMMEDIATE ANNUITY

Non-Participating (No Dividends).

Single Premium.

Benefits payable periodically (see schedule).

10-DAY RIGHT TO EXAMINE CONTRACT: Within 10 days after this contract is first received, it may be canceled by delivering or mailing it to the agent through whom it was purchased, or to our Home Office. Upon cancellation, all money will be refunded. THIS IS A LEGAL CONTRACT. PLEASE READ IT THOROUGHLY.

COPY

SAFECO Life Insurance Company    Home Office: SAFECO Plaza    Seattle, Washington 98185

| | |
|---|---|
| Annuitant | ROBERT D. SWANN |
| Contract Number | AA608527 |
| Contract Date | JULY 31, 1990 |
| Premium | $1.00 and other valuable consideration |
| Date of Birth | APRIL 11, 1980 |
| Sex | MALE |

## Schedule of Benefits

| Amount | Due Dates |
|---|---|
| $350.00 | On SEPTEMBER 1, 1990 and on the 1st day of each following month until 96 payments have been made. |
| $900.00 | On SEPTEMBER 1, 1998 and on the 1st day of each following month until 48 payments have been made. |
| $15,000.00 | SEPTEMBER 1, 1998 |
| $20,000.00 | SEPTEMBER 1, 2002 |

I-6416 7/84



## PROVISIONS

**Definitions**

In this contract SAFECO Life Insurance Company is referred to as "we," "us," or "our."

**Entire Contract**

This contract and the application are the entire contract. A copy of the application is attached. All statements in the application are treated as representations and not warranties. No statement will void this contract or be used in defense of a claim unless the statement is in the application.

**Effective Date**

The effective date of this contract is the same as the contract date.

**Conformity to State Law**

This contract is amended to conform to the laws of the state in which it is delivered.

**Owner**

This contract's owner is named in the application. The owner may name a new owner or may name a successor to become owner if the owner dies. Such a change will become effective when written notice is received and recorded at our home office.

**Assignment**

An absolute assignment will make the assignee the owner of this contract. A collateral assignment will not change ownership. We will not be responsible for the validity of any assignment. We will not be bound by an assignment until written notice is recorded at our home office.

**Misstatement of Age or Sex**

If the birthdate or sex of the annuitant has been misstated, any amounts payable will be adjusted. The adjustment will be to an amount the premium would have purchased using the correct birthdate and sex, using the rates in effect on the contract date. We may recoup any overpayment, with compound interest at the rate of 6% per year, by charging against payments made after the adjustment. We will refund any underpayment with compound interest at the rate of 6% per year.

**Benefits**

The annuity benefits payable under this contract are those shown in the schedule of benefits. This contract has no cash surrender value. Benefit payments may not be advanced, accelerated, or commuted.

**Beneficiary**

The beneficiary is as named in the application unless changed by the owner. There may be more than one beneficiary.

**Annuity Payments**

Benefit payments will be made to the annuitant unless otherwise designated in this application. We will make all benefit payments under this contract at our home office by check. We may require evidence that the annuitant is alive on the due date of each payment. If the annuitant dies, any remaining payments will be made to the beneficiary. If there is more than one beneficiary, payments will be made jointly to all surviving beneficiaries. If no beneficiaries live to receive all payments, any remaining payments will be made to the estate of the last surviving beneficiary. If no beneficiaries are alive when the annuitant dies, benefit payments will be made to the estate of the annuitant.

**Expiration**

This contract will expire when the last payment set forth on the schedule of benefits has been made.

Case 3:08-cv-00974   Document 1-1   Filed 10/03/08   Page 18 of 39 PageID #: 24

# ENDORSEMENT 

The provisions below are added only because they are required by Section 72(s) of the Internal Revenue Code of 1954, as amended. Because this contract already complies with Section 72(s), this endorsement does not make any change in the terms or conditions. The annuity starting date refers to the contract date.

A. If the holder of this contract dies on or after the annuity starting date and before the entire interest in this contract has been distributed, the remaining portion of such interest will be distributed at least as rapidly as under the method of distributions being used as of the date of death.

B. If the holder of this contract dies before the annuity starting date, the entire interest in this contract will be distributed within five years after the death of such holder.

C. The policyowner is the holder of this contract.

Signed at Seattle, Washington on the contract date unless a different date is shown below.

SAFECO Life Insurance Company
SAFECO National Life Insurance Company

Boh A. Dickey, Secretary

Date signed, if
not contract date: _____

COPY

## NAME CHANGE ENDORSEMENT

This Endorsement is made a part of, and should be attached to your policy, contract or certificate (contract).

Hereafter, all contract references to Safeco Life Insurance Company are substituted with Symetra Life Insurance Company.

All terms and conditions or benefits of your current contract, policy or certificate remain the same and all rights and obligation therein are those of Symetra Life Insurance Company.

Signed for Symetra Life Insurance Company by:

Randall H. Talbot, President

George Pagos, Secretary

LA-4035 9/04





**APPLICATION**
SINGLE PREMIUM
IMMEDIATE ANNUITY

SAFECO LIFE INSURANCE COMPANY
SAFECO PLAZA
SEATTLE, WASHINGTON 98185

Chicago Office

**1. Proposed Annuitant**

(a) Robert Derrick Swann
    First    Middle    Last

(b) 4232 Armstrong Road
    No.    Street

(c) Springfield, TN 37172
    City and State    ZIP Code

(d) Date of Birth  4 / 11 / 80  ☐ Female ☒ Male
    M    D    Y

(e) Social Security No. 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

**2. Joint Annuitant (if any)**

(a) _____
    First    Middle    Last

(b) _____
    No.    Street

(c) _____
    City and State    ZIP Code

(d) Date of Birth  M / D / Y  ☐ Female ☐ Male

(e) Social Security No.: _____

(f) Relationship to Proposed Annuitant _____

**3. Owner, If Other Than Proposed Annuitant, Is:**

(a) Aetna Casualty & Surety Co.
    First    Middle    Last

(b) P.O. Box 30109
    No.    Street

(c) Tampa, FL 33630
    City and State    ZIP Code

(d) Owner is ☐ Individual ☒ Corporation ☐ Partnership
    ☐ Trustee

**4. Plan Applied for**

(describe benefits to be paid and dates to commence, attach an additional sheet if more space is required.)

$350/month guaranteed for 96 payments
    commencing 9/1/1990
$900/month guaranteed for 48 payments
    commencing 9/1/1998
$15,000 lump sum paid 9/1/1998
$20,000 lump sum paid 9/1/2002

CHECKS SHOULD BE MADE PAYABLE TO:

Jean N. Armstrong, as guardian for
Robert Derrick Swann, a minor

**5.** ☐ Check if additional sheet is attached.
**6. Beneficiary**

Estate of Robert Derrick Swann
    First    Middle    Last    Relationship

**7.** Do you intend the replacement or change of any of your existing life insurance or annuity policies in connection with this application for an annuity?
    ☐ Yes    ☒ No

For Home Office Use Only

**Note:** *It is essential that an authentic record of annuitant's birth be submitted prior to the first annuity payment: A birth certificate, if available; otherwise a certified copy of church or baptismal record, or certified copy of family record, such as reference to annuitant in family Bible.*

I (We) represent that the statements and answers recorded on this application are full, complete and true, to the best of my (our) knowledge and belief, and shall form a part of the annuity contract issued hereon, and my (our) acceptance of such annuity shall constitute my (our) ratification of any additions, corrections or changes made in the space provided "For Home Office Use Only." The owner of this annuity will be the applicant. Application is made with the knowledge and consent of the proposed annuitant. I (We) agree that any annuity contract issued upon this application shall be considered a contract of the State in which this application is signed by the applicant and its terms shall be construed in accordance with the laws of that State.

**Agent:** To the best of your knowledge, does the annuity applied for replace any other annuity or life insurance presently in force? ☐ Yes ☒ No

X _~Robert D. Reid, CLU~_
Signature of Agent     10-96-0668

Structured Benefits of Florida, Inc.
Agency     Stat #

Tampa, Florida     7/19/1990
Dated At (City, State)     On (Month Day)

LU-350 2/84

Tampa, Florida     7/19  19 90
Dated At (City, State)     On (Month Day)

X _~signature~_
Signature of Applicant*

X _~Mgr~_
Title

* If applicant is corporation or partnership, a corporate officer other than proposed annuitant must **sign and state title.**

COPY



**SAFECO**

# IMMEDIATE ANNUITY

Non-Participating (No Dividends).

Single Premium.

Benefits payable periodically (see schedule).

SAFECO Life Insurance Company        Home Office: Redmond, Washington 98052

PACIFIC LIFE INSURANCE COMPANY
PO BOX 84307
LINCOLN, NE 68501



**PACIFIC LIFE**

7/10/2008

John D Swann Armstrong
5703 Ozanne Rd
Springfield, TN 37172

RE: Annuity Owner: St Paul Travelers
Pacific Life Insurance Company Contract: 26492-01300 AN

Dear Mr. Armstrong:

Per your request, this letter is to verify you had been receiving a benefit under the above referenced contract as follows:

- $350.00 payable monthly beginning September 1, 1990. 144 payments guaranteed.
- $15,000.00 payable on September 1, 2002.
- $900.00 payable monthly beginning September 1, 2002. 48 payments guaranteed.
- $25,000.00 payable on September 1, 2006.

*This is a Structured Settlement Annuity. Please note that this annuity is tax-free pursuant to IRS section 104(a).*

**Periodic payments cannot be ACCELERATED, DEFERRED, INCREASED, DECREASED or CASH SURRENDERED and may not be ANTICIPATED, SOLD, ASSIGNED or ENCUMBERED.**

If you need assistance, you may write to us at the address above, fax us at 402-479-0102 or call our toll-free number, 1-888-728-5611. Please have your contract number available to expedite your inquiry.

Sincerely,

*Andrew J Rezac*

Andrew J Rezac
Customer Service Representative
Structured Settlements
IMD-Annuity Services

06/28/2004



**PACIFIC LIFE**

INSTITUTIONAL PRODUCTS DIVISION
"Excellence Through Quality & Strength"

John D Swann Armstrong
P O Box 803
White House, TN 371880803

Contract No.: 2649201300    AN

Dear Mr. Armstrong:

We are conducting an audit of all our direct deposit clients. As a result,
please verify the account information below.

Please sign and return this form in the enclosed business reply envelope.
If we do not receive the completed form by September 1, 2004 we will begin
sending your payments to your mailing address effective with your
**November 2004** payment.

If you have any questions please call 888-728-5611.

| | Current Information | Changes |
|---|---|---|
| Bank Name: | Farmers Bank | |
| Account Name: | John D Swann Armstrong | |
| Routing Number: | 064105336 | |
| Account Number: | 130-210-8 | |
| Checking or Savings: | Checking | |

No Changes Required: ✓_____
Changes Required: _____ Attach a copy of a voided check for your checking
                         account or a deposit slip for a savings account.

PLEASE READ AND SIGN BELOW:
I hereby authorize Pacific Life to initiate deposits (credits) and/or
corrections to the previous credits to the financial institution indicated
above. The financial institution is authorized to credit and/or correct
the amount to my account. This authority is to remain in full force and
effect until the Company has received written notification from me of its
termination of such time and in such manner as to afford the Company and
Depository a reasonable opportunity to act on it.

Signature: _____  Date: _____

**PACIFIC LIFE INSURANCE COMPANY**
700 Newport Center Drive, Newport Beach, California 92660-6397

BOB M. OR BEVERLY A. ARMSTRONG 3-88
PHONE 384-6957
P.O. BOX 803
WHITE HOUSE, TN 37188

6350

87-833/941
63

19___

Pay to the
Order of _____ $___

_____ Dollars

THE FARMERS BANK    Bank
PORTLAND · RIDGETOP    PLUS
SPRINGFIELD · WHITE HOUSE, TN

For _____

⑆064105336⑆  130 210 8⑈ 6350

Farmers Bank
515 Hwy 76
White House, Tn. 37188

June 2, 1992

To Whom It May Concern:

I would appreciate having monthly checks for John D. Swann sent to Citizens' Bank, Springfield, Tenn.

Will you please advise procedure in order to attend this matter.

Thanking you, I am

Very Truly Yours,

Jean N. Armstrong
Legal Guardian for John
D. Swann

4232 Armstrong Road
Springfield, Tenn.
37172

John D. Swann
Annuity Contract No. Conf 9002977

Mailed Form 6-5-92

Case 3:08-cv-00974   Document 1-1   Filed 10/03/08   Page 26 of 39 PageID #: 32

Confederation Life
INSURANCE COMPANY

## AUTHORIZATION AGREEMENT FOR AUTOMATIC
## DEPOSITS (ACH CREDITS) SAVINGS ACCOUNT

I hereby authorize Confederation Life Insurance Company, hereinafter called
COMPANY, to initiate credit entries and to initiate if necessary, debit entries
and adjustments for my credit entries in error to my SAVINGS account indicated
below and the BANK named below, hereinafter called BANK, to credit and/or debit
the same to such account.

ANNUITY # _CONF 9002977_

BANK NAME _Nations Bank_          BRANCH _Springfield, Tenn._

ADDRESS _701 South Main Street_

CITY _Springfield_  STATE _Tennessee_  ZIP _37172_

BANK PHONE # _(615) 384-5073_  ACCOUNT # _010292-085-9_

AMOUNT TO SAVINGS ACCOUNT $ _350 00_

### * * * NOTE: PLEASE INCLUDE A VOIDED CHECK OR DEPOSIT SLIP * * *

This authority is to remain in full force and effect until COMPANY has received
written notification from me of its termination in such time and in such manner
as to afford COMPANY and BANK a reasonable opportunity to act on it.

PAYEE'S NAME _John D. Swann_
(please print)

_Jean N. Armstrong_
SIGNATURE

_June 8 1992_
DATE SIGNED

F1133 (Rev 4/1/88)


**Confederation Life**
INSURANCE COMPANY

### AUTHORIZATION AGREEMENT FOR AUTOMATIC DEPOSITS (ACH CREDITS) CHECKING ACCOUNT

I hereby authorize Confederation Life Insurance Company, hereinafter called COMPANY, to initiate credit entries and to initiate if necessary, debit entries and adjustments for my credit entries in error to my CHECKING account indicated below and the BANK named below, hereinafter called BANK, to credit and/or debit the same to such account.

*P.O. Box 578*

ANNUITY # *9002977*

BANK NAME *Nations Bank*          BRANCH *Springfield Tenn.*

ADDRESS *701 South Main St.*

CITY *Springfield*  STATE *Tennessee*  ZIP *37172*

BANK PHONE # *(615) 384-5073* ACCOUNT # *010292-085-9*

AMOUNT TO CHECKING ACCOUNT  $ *350 00*

*615-384-5535 9557*  *Faye*

### * * * NOTE: PLEASE INCLUDE A VOIDED CHECK OR DEPOSIT SLIP * * *

*Bank Rt. # 064000020*

This authority is to remain in full force and effect until COMPANY has received written notification from me of its termination in such time and in such manner as to afford COMPANY and BANK a reasonable opportunity to act on it.

PAYEE'S NAME *John D. Swann*
             (please print)


*Jean N. Armstrong*                        *June 8, 1992*
SIGNATURE                                   DATE SIGNED

JUN 17 '92

**DEPOSIT TICKET**

ROBERT DEREK SWANN OR JOHN D. SWANN
BY JEAN N. ARMSTRONG, LEGAL GUARD
4232 ARMSTRONG RD.   PH. 384-4747
SPRINGFIELD, TN  37172

**DATE** _____ 19 _____

ALL ITEMS ARE ACCEPTED SUBJECT TO THIS BANK'S RULES AND REGULATIONS
DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**SOVRAN BANK**

Sovran Bank/Central South  Springfield, TN

| | CURRENCY | | | |
|---|---|---|---|---|
| | COINS | | | T |
| | | | | |
| | | | | 87-167 |
| | | | | 641 |
| | TOTAL FROM OTHER SIDE | | | |
| | TOTAL | | | |
| | LESS CASH RECEIVED | | | |
| | NET DEPOSIT | | | |

PLEASE ITEMIZE ADDITIONAL CHECKS ON REVERSE SIDE

9-90          0160

⑆064101673⑆ 0102920859⑈

PACIFIC LIFE INSURANCE COMPANY
PO BOX 84307
LINCOLN, NE 68501



**PACIFIC LIFE**

7/23/2008

John D Swann Armstrong
5703 Ozanna Rd
Springfield, TN 37172

RE:     Annuity Owner: St Paul Travelers
        Pacific Life Insurance Company Contract: 26492-01300 AN

Dear Mr. Armstrong:

Per your request I have enclosed documentation from your account. (10 pages)

Researching your account I discovered the payments have been going to the same
checking account since we first received your file in 1999.

If you need assistance, you may write to us at the address above, fax us at 402-479-0102
or call our toll-free number, 1-888-728-5611.  Please have your contract number
available to expedite your inquiry.

Sincerely,

*Andrew J Rezac*

Andrew J Rezac
Customer Service Representative
Structured Settlements
IMD-Annuity Services

PACIFIC LIFE INSURANCE COMPANY
PO BOX 84307
LINCOLN, NE 68501



**PACIFIC LIFE**

7/10/2008

John D Swann Armstrong
5703 Ozanne Rd
Springfield, TN 37172

RE: Annuity Owner: St Paul Travelers
Pacific Life Insurance Company Contract: 26492-01300 AN

Dear Mr. Armstrong:

Per your request, this letter is to verify you had been receiving a benefit under the above referenced contract as follows:

- $350.00 payable monthly beginning September 1, 1990. 144 payments guaranteed.
- $15,000.00 payable on September 1, 2002.
- $900.00 payable monthly beginning September 1, 2002. 48 payments guaranteed.
- $25,000.00 payable on September 1, 2006.

*This is a Structured Settlement Annuity. Please note that this annuity is tax-free pursuant to IRS section 104(a).*

**Periodic payments cannot be ACCELERATED, DEFERRED, INCREASED, DECREASED or CASH SURRENDERED and may not be ANTICIPATED, SOLD, ASSIGNED or ENCUMBERED.**

If you need assistance, you may write to us at the address above, fax us at 402-479-0102 or call our toll-free number, 1-888-728-5611. Please have your contract number available to expedite your inquiry.

Sincerely,

*Andrew J Rezac*

Andrew J Rezac
Customer Service Representative
Structured Settlements
IMD-Annuity Services

F I L E D

_____ Day of __July__ 19_90_

AT ____ IN THE PROBATE COURT

FOR ROBERTSON COUNTY, AT

Clerk of Court

SPRINGFIELD, TENNESSEE

IN RE: ROBERT D. SWANN
AND
JOHN D. SWANN

PETITION OF
GARY NEIL SWANN
AND
JEAN N. ARMSTRONG

## O R D E R

This cause came on to be heard on this the 11th day of July, 1990 before the Honorable Alex Darnell, Chancellor of the Chancery Court for Robertson County, Tennessee, upon the petition of Gary Neil Swann and Jean N. Armstrong for the appointment of a special guardian for Robert D. Swann and John D. Swann, minor children of Jamie Armstrong Swann and Gary Neil Swann, for the purpose of negotiating a settlement and making any releases necessary on behalf of said minors and for the further purpose of managing any and all funds coming to said minors as a result of their mother's injuries, proof in open Court and the whole record in this cause, from all of which it appears to the Court, and the Court so Holds, Adjudges and Decrees as follows:

1. That the petitioner, Jean N. Armstrong, is a resident of Robertson County, Tennessee, and the grandmother of said minor children, and that the petitioner, Gary Neil Swann, father of said minor children is a non-resident of Tennessee.

2. That Robert D. Swann is a minor, born April 11, 1980, and the said John D. Swann is a minor, born April 18, 1984, both without a legal guardian and that it is necessary for a special guardian to be appointed for Robert D. Swann and John D. Swann, to negotiate a settlement regarding certain injuries to their mother, Jamie Armstrong Swann, who is now in a coma and unable to care for her children, and further for the purpose of making any releases necessary on behalf of said minors and for the further purpose of managing any and all funds coming to said minors as a result of their mother's injuries.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that said petition is well-taken and that the proof sustains the

PQD

allegations of said petition and that the said Jean N. Armstrong
be and is hereby appointed special guardian for Robert D. Swann
and John D. Swann as permitted in Tennessee Code Annotated 34-2-
102 and such special guardian shall have charge of negotiating a
settlement on behalf of said minors and making any releases
necessary on behalf of said minors and for the further purpose of
managing any and all funds coming to said minors as a result of
their mother's injuries.  Said special guardian will take charge
of all matters pertaining hereto and execute bond as required by
law.

The said special guardian is hereby directed to pay the
costs of this petition, and said speciall guardian will receive
credit therefor in a settlement of this matter.

All other matters pertaining hereto are reserved.

ENTER:

ALEX W. DARNELL, CHANCELLOR

APPROVED FOR ENTRY:

S. L. SWANN, ATTORNEY FOR PETITIONERS

PQD

ATTN: Bonnie — Confederation Life Ins. Co

From: Beverly A Armstrong
P.O. Box 803
White House, Tn. 371    g002977
cred 6/24/96

Requesting Name Change & Guardianship

Changed to: John Darryl Swann Armstrong

Guardian + Parents- Bob M Armstrong
                     Beverly A Armstrong

Payment Sent to — Farmers Bank
#Account number     515 Hwy 76
130-210-8           White House, Tn
                    37188

A copy of check being sent
along with copy of Birth certificate

Should you have any Questions
Please feel free to call me

384-8155
384-3903
Beverly Armstrong


EX. D

# LONG, GLOVER, THOMAS & ASSOCIATES
An Association of Attorneys

*THE ALBION BUILDING, SECOND FLOOR*
115 Fifth Avenue West
Springfield, Tennessee 37172
615/382-4468
Fax:382-5568
fletcherlong@bellsouth.net

Fletcher W. Long*
Suzanne C. Glover
Rosemary L Thomas
Edward T. Farmer
John M. Germanis

John Farris, Office Manager
Lisa Parnell, Senior Legal Assistant

February 21, 2008

Mr. Bob Armstrong
Mrs. Beverly Armstrong
4230 Armstrong Road
Springfield, TN 37172

RE:   *Trust and/or Estate of Jean Armstrong*

Dear Mr. and Mrs. Armstrong:

Robert Derek Armstrong believes he is suppose to be beneficiary of a Trust provided for him by his grandmother and which has been under the administration of Beverly Armstrong. On his behalf, we demand an accouting of the Trust to include the following: (a) the present extent, value and make up comprising its corpus; (b) what if any income has been derived; (c) if, when and how will distributions be made to my client. We want any Trust documents which exist giving direction into how and for whom it is to be adminstered. We appreciate you complying with this request, should you fail to respond to any of these inquiries we will be forced to file an action permitting us discovery thereafter.

Thank you for your prompt attention to this matter. At this time, I await hearing from you. I remain...

Respectfully,

FLETCHER W. LONG

FWL/lp

Xc:  Mr. Robert Derek Armstrong



February 25,2008

Re: In response to your letter dated February 21, 2008

Dear Mr. Long:

There is _no_ Trust and/or Estate of Jean Armstrong that Derek Armstrong is beneficiary to, provided by his grandmother that we are aware of.

The only inheritance Derek is heir to is ours, the same as his brother at our passing. This has been asked by him and explained to him by us .

Respectfully,

Bob M Armstrong

# Cover Sheet

Date: 2-25-2008 _____ Total 2-pages

To: Fletcher Long _____ Fax: 382-5568

From: Bob and Beverly Armstrong _____ Fax: 384-6957

Re: Trust and / or Estate of Jean Armstrong

# LONG, GLOVER, THOMAS & ASSOCIATES

EX. F.

### An Association of Attorneys

**THE ALBION BUILDING**
115 Fifth Avenue, West
Springfield, Tennessee 37172
615/382-4468
Fax/382-5568
eddie_farmer@bellsouth.net

Fletcher W. Long[*]
Suzanne C. Glover
Rosemary L. Thomas
Edward T. Farmer
John E. Germanis

John L. Farris, Office Manager
Lisa Parnell, Senior Legal Assistant
Lindsay Thomas, Office Clerk

April 21, 2008

Mr. Bob Armstrong
Mrs. Beverly Armstrong
4230 Armstrong Road
Springfield, TN 37172

> Re: Derek and Robert Armstrong

Dear Mr. and Mrs. Armstrong,

Please find enclosed a draft copy of a complaint to be filed by Robert D. and John D. Armstrong in regards to an Order issued by the Robertson County Chancery Court whereby both sons were to receive varied lump sum amounts on each of there 18th and 21st birthdays respectively. No payments in any amounts have been received by either son.

Now the payments indicate they were to come to Mrs. Armstrong as *guardian*. The law doesn't naturally permit *guardians* for people who are neither *minors* nor *legally declared incompetent* (non compus mentus). At the time these payments were to be received, neither of the Armstrong men would have retained the disability of minority and neither have been declared incompetent by a court vested with the appropriate jurisdiction to hear such matters.

Mrs. Armstrong, you were to keep these monies for these young men as fiduciary. Have you violated your fiduciary duty? Please contact either Fletcher Long or me to discuss whether we can reach an amicable settlement of the dispute. Should we not hear from you it is our intent to file the enclosed law suit and pursue a remedy in Court.

I remain,

Respectfully,

EDWARD T. FARMER

ETF/lp

_____

[*]Former City Court Judge, City of Springfield

April 23, 2008

*Re: In response to your letter dated April 21, 2008*

*Regarding: Robert Derek Armstrong and John D. Armstrong*

Dear Mr. Farmer:

We were never a Fiduciary . Thus <u>no</u> we have not violated any duties. I am sending you a copy of a Court record showing that Mrs. Jean Armstrong was never court appointed Legal Guardian for Robert and John Armstrong thus she could not have changed it to my wife's name. No Administrator or Executor was ever appointed by the Court to our knowledge. We were not involved in the court preceding regarding this settlement.

As to court records found accounting for money received on their behalf by Jean Armstrong to the Chancery Court as ordered on a annual basis none was found.

According to James S. Armstrong , Court appointed Conservator for Jamie Armstrong Swann also named in the settlement , He stated the money from the settlement was to be used to help with the cost of raising my sister's two children whom we had taken in to our home 2 years prior. This money was to be applied toward health insurance, housing, clothing, food, sports, school, transportation, medical , mission trips anything needed for their care. The money was also used to help purchase vehicles and car insurance for them.

A amicable settlement ? Derek was with us for 11 years and left after graduating in 2000 for the Navy. We put him thru 10 years of school . John we put thru 12 years plus tutoring of school. Leaving 4 years after graduating.

Tell me what does the price of a lifetime of love and commitment go for these days? We dedicated our lives to raising these children who come to us with a lot of extra baggage attached. We gave them our love and support we opened our heart and home . So forgive us in finding their actions totally disrespectful . The cost to raise them far exceeds any money we received on their behalf.

Respectfully,

Bob Armstrong

Robert Armstrong