IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

ROBERT D. ARMSTRONG, *[formerly known as Robert D. Swan]*, and
JOHN D. ARMSTRONG *[formerly known as John D. Swann]*,

    Plaintiffs,

v.

SYMETRA LIFE INSURANCE CO.,
*Formerly known as Safeco Life Insurance Company,*
AETNA CASUALTY & SURETY CO.,
ST. PAUL TRAVELERS CASUALTY & SURETY CO.,
STRUCTURED BENEFITS OF FLORIDA, and
PACIFIC LIFE INSURANCE CO.,

    Defendants.

Civil Action No. 3:08-CV-0974
Judge Nixon
Magistrate Judge Griffin

## AMENDED CASE MANAGEMENT ORDER

The Case Management Order (the "CMO") entered in this case (Doc. 26) is hereby amended only as set forth below. Except as expressly amended here, all other provisions of the CMO remain in effect.

**III.**     **Trial**

As determined at the case management conference, this action is set for trial on May 31, 2011.

**V.**     ~~**Additional Claims**~~

Any motion to join parties shall be filed by June 1, 2010. All other motions to amend the pleadings will be made in sufficient time to permit any discovery necessary because of the

proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

## VI. Dispositive Motions

All dispositive motions shall be filed by the close of business on January 14, 2011 and any response thereto shall be filed by the close of business on February 4, 2011. Any reply shall be filed by the close of business on February 18, 2011.

## VII. Schedule of Pretrial Proceedings

### B. Other Pretrial Discovery Matters

If this action is to be settled, the courtroom deputy shall be notified immediately, but no later than by noon, on May 27, 2011. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held May 20, 2011, at 10:00 a.m.

All fact discovery shall be completed by the close of business on September 1, 2010. All written discovery shall be submitted in sufficient time so that the response shall be in hand by November 1, 2010. All discovery related motions shall be filed by the close of business on November 15, 2010. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories, pursuant to Federal Rule of Civil Procedure 33, shall be limited to twenty-five (25). Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01 of the Local Rules of Court shall govern.

By the close of business on October 1, 2010, the Defendants shall declare to the Plaintiffs (~~not~~ to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(b).

By the close of business on November 1, 2011, the Defendant shall declare to the Plaintiff (not to file with the Court) the identity of any rebuttal expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

All expert discovery shall be completed by close of business on December 1, 2010.

### VIII. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of this Amended Case Management Order, counsel are required to have a meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall be available by telephone on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

3

Case 3:08-cv-00974   Document 49   Filed 05/10/10   Page 3 of 4 PageID #: 470

IT IS SO ORDERED.

ENTERED this the _____ day of _____, 2010.

_____
JULIET GRIFFIN
United States Magistrate Judge

_____
Date

APPROVED FOR ENTRY:

/s/ Fletcher W. Long_____
Fletcher W. Long
Edward T. Farmer
Long, Glover, Thomas & Associates
115 Fifth Avenue West
Springfield, TN 37172

*Attorneys for Plaintiffs Robert D.
Armstrong and John D. Armstrong*

/s/ Thomas K. Potter, III_____
Thomas K. Potter, III
Katherine K. Layhew
700 Two American Center
West End Avenue
Nashville, TN 37203

*Attorneys for Defendants Travelers
Indemnity Company and Travelers
Casualty & Surety Company*

/s/ S. Russell Headrick_____
S. Russell Headrick
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919

*Attorney for Defendant Symetra Life
Insurance Company*

/s/ Joshua J. Phillips_____
Joshua J. Phillips
Neal & Harwell, PLC
150 4th Avenue North
Nashville, TN 37219-2498

*Attorney for Defendant
Pacific Life Insurance Company*

/s/ Stephen R. Harris_____
Stephen R. Harris
Jenifer N. Smith
Drinker, Biddle & Reath LLP
1 Logan Square, 18th & Cherry 3102
Streets
Philadelphia, PA 19103

*Attorney for Defendant Pacific
Life Insurance Company*