IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT D. ARMSTRONG f/k/a Robert )
D. Swan; and JOHN D. ARMSTRONG )
f/k/a John D. Swann ) No. 3-08-0974
)
v. )
)
SYMETRA LIFE INSURANCE CO. )
f/k/a Safeco Life Insurance Company; )
AETNA CASUALTY & SURETY CO.; )
ST. PAUL TRAVELERS CASUALTY & )
SURETY CO.; STRUCTURED )
BENEFITS OF FLORIDA; and PACIFIC )
LIFE INSURANCE CO. )

O R D E R

Pursuant to the order entered April 23, 2010 (Docket Entry No. 47), counsel for the parties called the Court on April 26, 2010, at which time the following matters were addressed:

1. The defendants shall have until May 10, 2010, to serve written discovery.

2. The parties anticipate 2-5 depositions, including the plaintiffs' depositions, and potentially the two adoptive parents and the grandmother/conservator.

3. The parties shall file an agreed order substituting Travelers Indemnity Company for defendants Aetna and St. Paul.

4. Plaintiffs' counsel represented that defendant Structured Benefits of Florida has filed for Bankruptcy protection, is out of business, and has never been served with process in this case.

5. Counsel for the defendants represented that settlement discussions would not be productive at least until after the scheduled depositions.

6. Prior to the conference call, the parties had filed a proposed amended case management order (Docket Entry No. 48). Upon further discussion, the parties were directed to

determine when depositions could be scheduled and whether earlier deadlines could be established than those proposed by the parties.[1]

A further conference call was scheduled on May 3, 2010, at which time counsel reported that fact depositions had been scheduled on July 7-9, 2010,

Therefore the parties amended case management order is contemporaneously entered, with the following modifications and additions:

1. By July 15, 2010, the parties shall file a joint mediation report, indicating the potential for settlement and whether they believe participating in ADR would be helpful or productive.

2. All fact discovery shall be completed by September 1, 2010.

3. Any discovery motion shall be filed by September 15, 2010.

4. The plaintiffs have represented that they will not use any experts in this case except potentially in rebuttal to any experts that the defendants may use.

5. The defendants shall have until October 1, 2010, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

6. The plaintiffs shall have until November 1, 2010, to serve Rule 26(a)(2) rebuttal expert disclosures.

7. All expert discovery shall be completed by December 1, 2010.

8. All dispositive motions shall be filed by January 14, 2011. Any response shall be filed within 21 days of the filing of such a motion or by February 4, 2011, if the motion is filed on January 14, 2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response of by February 18, 2011, if the response is filed on February 4, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable John T. Nixon.

---

[1] For instance, the proposed deadlines for filing and briefing dispositive motions would not allow the scheduling of a trial date any earlier than July of 2011.

There shall be no stay of discovery before the September 1, 2010, deadline for completion of fact discovery or the December 1, 2010, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, a jury trial is now scheduled to begin on **Tuesday, May 31, 2011, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties anticipate that the trial will last 2-3 days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by 12:00 noon on Friday, May 27, 2011, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors. A pretrial conference is also scheduled before Judge Nixon on **Friday, May 20, 2011, at 10:00 a.m.,** in chambers, 770 U.S. Courthouse.

By April 22, 2011, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By May 2, 2011, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by May 13, 2011.

By May 13, 2011, the parties shall also:

1. Submit a proposed joint pretrial order;[2]

2. Exchange their final lists of witnesses and exhibits;

3. File their respective final witness and exhibit lists;

4. File a listing of all agreed stipulations; and

5. File proposed jury instructions, any special interrogatories, and any special verdict forms.

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits.

It is so ORDERED.

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge

---

[2] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiffs' theory (no more than one page); (3) a short summary of the defendants' theories (no more than one page each); (4) the issues to be submitted to the Court and the jury; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.