IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT D. ARMSTRONG f/k/a Robert D. Swan; and JOHN D. ARMSTRONG f/k/a John D. Swann,<br>　　Plaintiffs<br><br>v.<br><br>STRUCTURED BENEFITS OF FLORIDA,<br>　　Defendant<br>and<br><br>SYMETRA LIFE INSURANCE CO. f/k/a Safeco Life Insurance Company; TRAVELERS CASUALTY & SURETY CO.; TRAVELERS INDEMNITY COMPANY; and PACIFIC LIFE INSURANCE CO.,[1]<br>　　Defendants/Third-Party Plaintiffs<br><br>v.<br><br>BEVERLY ARMSTRONG; and BOB ARMSTRONG,<br>　　Third-Party Defendants | No. 3-08-0974 |

O R D E R

On November 11, 2010, the parties filed a mediation report (Docket Entry No. 114), advising that they were able to reach a settlement of all claims in this case as a result of their participation in private mediation conducted on November 9, 2010.

As a result, the motion to dismiss or to remand filed by the third-party defendants (Docket Entry No. 104) is rendered MOOT and the Clerk is directed to terminate that motion as pending.

Counsel for the parties have since advised the Court that certain terms of the settlement will not be consummated until the expiration of a certain period of time.

---

[1] By order entered May 17, 2010 (Docket Entry No. 52), Travelers Casualty & Surety Company was substituted for Aetna Casualty & Surety Co., as originally named in the complaint, and Travelers Indemnity Company was substituted for St. Paul Travelers Casualty & Surety Co., as originally named in the complaint.

Therefore, by December 13, 2010, counsel for the parties shall file a proposed "New Orleans" order, providing that the parties have reached a full settlement and that the case is dismissed with prejudice, but that the parties have leave to reopen the case, upon motion, if the settlement is not consummated by [whatever deadline].[2]

The Clerk is directed to forward the file in this case to the Honorable John T. Nixon for his consideration of the parties' proposed "New Orleans" agreed order of dismissal to be filed by December 13, 2010.

Unless otherwise directed by the Court or upon motion of the parties, there will be no further proceedings before the Magistrate Judge in this case.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] By orders entered May 10, 2010 (Docket Entry Nos. 49-50), the pretrial conference and trial were scheduled on May 20, 2011, and May 31, 2011, respectively.